STATE, Respondent, *v.* TEUBNER, Appellant.

(No. 4,218.)

(Submitted September 25, 1920. Decided November 15, 1920.)

[193 Pac. 534.]

*Criminal Law—Gaming—Hearsay Testimony—Curing Error—New Trial—Proper Denial.*

Gaming—Hearsay Testimony—Inadmissibility—Curing Error.

   1. Error committed in permitting an officer to testify to a conversation had with one D., charged jointly with defendant for gambling but not on trial with him, relative to defendant's intention to open a gambling-room, without anything to show a conspiracy between defendant and D., *held* to have been cured by subsequent testi-

mony of D. that defendant had told him that he intended to open
such a room.

Same—New Trial—Proper Denial.
   2. Evidence *held* sufficient to justify the trial court's refusal to
grant a retrial to defendant, convicted of the crime of gambling.

*Appeal from District Court, Missoula County; Theo. Lentz, Judge.*

FRANK TEUBNER was convicted of gambling, and appeals
from the judgment and order denying his motion for new
trial.    Affirmed.

Cause submitted on briefs of Counsel.

*Mr. Dan J. Heyfron,* for Appellant.

The testimony of Arthur Higgins to the effect that Dumphy
told him that he was going to put Teubner in charge of a
game was entirely inadmissible as being pure hearsay.    No
conspiracy between Teubner and Dumphy had been shown,
and therefore the evidence could not have been admitted on
that ground.    (*Root* v. *Davis,* 10 Mont. 228, 25 Pac. 105;
Rev. Codes, sec. 7887, par. 6.)    That this testimony materially
affected defendant's rights is shown by the fact that without
it there would have been insufficient evidence to go to the
jury that defendant was "conducting" a gambling game, and
under the information as filed, conducting had to be proved
in order for the state to make out a case.

The state failed to prove that defendant "conducted" the
game.    This is not an information for playing the game but
for conducting the game, and the information must be proved
as alleged.    (*Chambers* v. *State,* 77 Ala. 80; *Bell* v. *State,* 92
Ga. 49, 18 S. E. 186; *Patterson* v. *State,* 12 Tex. App. 222;
22 Cyc. 448.)

The state failed to prove that there was actual gambling
of any kind.    The evidence that men were playing cards and
that they ran when officers broke into the room is insufficient
to show that they were gambling.    (*State* v. *Duncan,* 40 Mont.
531, 107 Pac. 510.)    The officers who made the arrests could

not say that gambling was going on. The only evidence is that of the witness Hill, who said he gave a check to somebody. It was shown that the check had never been cashed. No evidence was introduced to show what became of the check, or that anyone bet, or anyone lost money. This was insufficient to show gambling. (*State* v. *Brooks,* 94 Mo. App. 57, 67 S. W. 942; *State* v. *Clein,* 154 Mo. App. 686, 136 S. W. 14; *Alvord* v. *Smith,* 63 Ind. 58; *Misner* v. *Knapp,* 13 Or. 135, 57 Am. Rep. 6, 9 Pac. 65; *People* v. *Carroll,* 80 Cal. 157, 22 Pac. 129; 20 Cyc. 887, 888.)

*Mr. S. C. Ford,* Attorney General, and *Mr. Frank Woody,* Assistant Attorney General, for Respondent.

MR. JUSTICE HURLY delivered the opinion of the court.

Defendant, convicted of gambling, has appealed. The principal grounds urged by appellant have to do with the sufficiency of the evidence and the reception of hearsay testimony. Other errors assigned have been considered by us, though not discussed herein.

Arthur Higgins, undersheriff, was permitted to testify to a [1] conversation had with one Dumphy, charged jointly with defendant but not on trial with him, concerning Teubner's opening a gambling-room, without the introduction of any testimony tending to show a conspiracy between Dumphy and defendant. The testimony should have been excluded. However, the error was cured by Dumphy, called as a witness, who, in answer to a question upon cross-examination, testified that defendant had told him that he intended opening a gambling-room.

The testimony shows that defendant and twelve others were [2] present in the room with the doors locked, the blinds drawn, and a card game (designated by one of the witnesses as studhorse poker) in progress; that a sale was made by defendant to one of the witnesses of chips of the value of $10 for use in the game; that the defendant was participating

therein; that an attempt was made by the persons present, including defendant, to escape from the room when the officers entered; and that there was an absence of furniture, except tables and chairs, and the presence of a large number of chips and packs of cards in the room.

The trial court which denied the motion for a new trial heard and saw the witnesses testify and was in a better position than we to determine the weight of the testimony and the credibility of the witnesses. We will not disturb its ruling.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLO-WAY, MATTHEWS and COOPER concur.